**United States District Court**
**District of Massachusetts**

|  |  |
|---|---|
| Benito Vasquez, | ) |
| | ) |
|      Petitioner, | ) |
| | ) |
|      v. | )     Civil Action No. |
| | )     25-13716-NMG |
| Antone Moniz et al, | ) |
| | ) |
|      Respondent. | ) |
| | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Belizario Abraham Benito Vasquez ("petitioner" or "Vasquez"). This is not the first time Vasquez has appeared before the Court, having filed a previous petition for writ of habeas corpus in June, 2025. That petition was denied.

He now files a second petition, claiming legal and factual updates to his case that came to light via a recent Freedom of Information Act ("FOIA") request. He contends that Antone Moniz and other named respondents ("respondents") have refused to grant him a bond hearing on the basis of his detention pursuant to 8 U.S.C. §1225(b), despite his contention that he is eligible for such a hearing under §1226(a). For the following reasons,

the petition will be allowed and petitioner will be released unless he is provided a bond hearing.

I. **Background**

Vasquez is a native and citizen of Guatemala. He entered the United States on May 20, 2024, and was encountered immediately by United States Border Patrol. An arrest warrant indicates that he was detained pursuant to §1226. The next day, petitioner was released on his own recognizance, also pursuant to §1226, and issued a Notice to Appear at removal proceedings.

In March, 2025, petitioner filed a Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, with U.S. Citizen and Immigration Service ("USCIS"). In April, 2025, an immigration judge terminated his removal proceedings pursuant to Matter of Coronado Acevedo, 28 I&N Dec. 648 (A.G. 2022), which authorizes such termination where it is necessary for the alien to be eligible to seek relief before the USCIS.

In June, 2025, Vasquez was arrested by Immigration and Customs Enforcement ("ICE"). He was served a Notice and Order of Expedited Removal and immediately requested a credible fear interview. At that time petitioner filed his first petition for writ of habeas corpus with the Court, claiming that his detention was unconstitutional due to his pending I-360 petition and credible fear interview. The Court found that his detention

was lawful pursuant to 8 U.S.C. § 1225(b) and denied his petition.

Since that denial, an immigration judge has found that petitioner has exhibited a credible fear of persecution, terminated his expedited removal proceedings and placed him into full removal proceedings. He avers that this change in circumstances renders his continued detention without bond unconstitutional.

## II. **Motion**

### A. **Legal Standard**

A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 permits a prisoner to challenge the administration of his detention rather than its validity. Dinkins v. Boncher, No. 21-CV-11847-AK, 2022 WL 3021108, at *2 (D. Mass. July 29, 2022). The burden is on petitioner to show that his custody violates the Constitution or laws of the United States. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

### B. **Application**

This case involves a familiar dispute: whether the petitioner is being detained pursuant to §1225(b) or §1226(a). As the Court described in Zamora v. Noem, No. CV 25-12750-NMG, 2025 WL 2958879 at *1 (D. Mass. Oct. 17, 2025),

> [s]ection 1225 applies to "applicants for admission," who are defined as noncitizens "present in the United States who [have] not

-3-

been admitted." §1225(a)(1). All applicants for admission must be inspected by an immigration officer. Id. §1225(a)(3). If an officer determines that the applicant for admission is not "clearly and beyond a doubt entitled to be admitted," the applicant for admission shall be detained pending removal proceedings. §1225(b)(2)(A). An alien detained under §1225(b)(2) may be released only if he is paroled for significant public benefit or urgent humanitarian reasons under §1182(d)(5)(A).

Section 1226(a) establishes a discretionary detention framework for aliens arrested and detained pending a removal decision. Under this provision, the Attorney General may continue to detain the alien, release him on bond or release him on parole. §§1226(a)(1)-(2). The arresting immigration officer makes an initial custody determination but non-citizens have the right to request a custody redetermination (i.e., bond) hearing before an immigration judge. See 8 C.F.R. §§ 1236.1(c)(8), (d)(1).

The government contends that petitioner is detained pursuant to §1225(b), and therefore ineligible for release, while petitioner asserts that he is detained pursuant to §1226(a), thereby requiring the government provide him a bond hearing.

As an initial matter, the factual record shows that prior to his June, 2025, arrest, Vasquez was subjected to procedures under §1226 only. Petitioner submitted the May 21, 2024, arrest warrant that indicates he was liable for arrest under Section

236 of the Immigration and Nationality Act ("INA").[1]  Petitioner also provided to the Court his Order of Release on Recognizance, dated the same day, which authorized his release pursuant Section 236 the INA.  Indeed, §1225 would not have authorized the government to release Vasquez in such a way.

The question, then, is whether his current detention is authorized by §1225(b) or §1226(a).  Section 1225 applies only to applicants for admission defined as an "alien present in the United States who has not been admitted." §1225(a)(1). Admission refers to "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." §1101(a)(13)(A).

It is without serious contention that when Vasquez arrived at the border in May, 2024, he was an applicant for admission as contemplated under the statute.  His initial detention was therefore made pursuant to §1225(b), despite the arrest warrant reading otherwise, and his release into the country would have been authorized only under the humanitarian parole provision found at §1182(d)(5)(A).[2]  Border Patrol instead released Vasquez on his own recognizance pursuant to §1226(a) and issued him a Notice to Appear at his removal proceedings.

---

[1] Section 236 of the INA corresponds with 8 U.S.C. §1226.
[2] Neither party asserts that Vasquez requested, or was granted, humanitarian parole.

The government contends that petitioner's detention must now be subject to the mandatory scheme of §1225(b) because he has been neither admitted nor paroled and cannot show that he has been present in the United States for two years prior to a determination of inadmissibility. §1225(b)(1)(A)(iii)(II).

The Court disagrees, and concludes that petitioner's May, 2024, release, conditional as it may have been, constituted an admission under the plain language of §1101(a)(13)(A). Vasquez was inspected by an immigration officer who then authorized his lawful entry into the country. He therefore does not qualify as an applicant for admission under §1225(b) and is instead subject to the discretionary detention scheme of §1226(a). He is entitled to a bond hearing that comports with the standards set forth in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021).

The Court is aware that this conclusion is contrary to its ruling in June, 2025, related to this petitioner. Such a deviation is, however, warranted in light of the factual updates to the record and to align with recent rulings of the Court. See, e.g., Zamora v. Noem, No. CV 25-12750-NMG, 2025 WL 2958879 (D. Mass. Oct. 17, 2025); Arias Lopez v. Hyde, No. CV 25-12680-NMG, 2025 WL 3197806 (D. Mass. Oct. 24, 2025). See also Gomes v. Hyde, No. 1:25-CV-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); Sampiao v. Hyde, No. 1:25-CV-11981-JEK, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); Guerrero Orellana v. Moniz, No. 25-CV-

-6-

12664-PBS, 2025 WL 2809996 (D. Mass. Oct. 3, 2025).   The
materials retrieved as a result of petitioner's FOIA request,
including the May, 2024, arrest warrant and release on
recognizance, make clear that his ongoing detention is unlawful
without a bond hearing.

### ORDER

   For the forgoing reasons, the petition for writ of habeas
corpus (Docket No. 1) is **ALLOWED**.   The Court directs that
Vasquez be released within seven days of the date of this order
unless he is afforded a bond hearing that complies with the
standards in Hernandez-Lara.


**So ordered.**


                                   Nathaniel M. Gorton
                                   Senior United States District Judge

Dated: December 23, 2025